UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AMERICAN INCOME LIFE INSURANCE CO.**           **CIVIL ACTION**

**VERSUS**                                       **No. 05-2228**

**NITKOWSKI,** *et al.*                          **SECTION: I/3**

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment filed on behalf of defendants, Nicholas Matthew Nitkowski and Nicholas Taylor, Inc. (collectively, "defendants"). Intervenor plaintiffs are Michael I. Santucci, P.A., and Kelly Elkins, P.A. (collectively, "intervenors"). For the following reasons, defendants' motion is **GRANTED**.

On June 13, 2005, plaintiff, American Income Life Insurance Company ("ALI"), filed this lawsuit against its former agent, defendant Nitkowski, and his company, defendant Nicholas Taylor, Inc, alleging that defendants had committed various acts of misconduct related to Nitkowski's departure from ALI.[1] On June 15, 2005, Nitkowski engaged intervenors as counsel "in connection with negotiation, mediation, settlement or litigation of claims for money owed by [ALI] to [Nitkowski]."[2] The parties' engagement letter specifically noted that intervenors were not being retained to represent Nitkowski in "any litigation outside the State of Florida including the litigation pending in the United States District Court of Louisiana."[3] The engagement letter

---

[1] Rec. Doc. No. 1.

[2] Rec. Doc. No. 42-2, p. 1.

[3] Rec. Doc. No. 42-2, p. 1.

stated that Nitkowski agreed to pay intervenors 40% of any gross recovery in the matter.[4]

On August 10, 2005, plaintiff and defendants settled the case, and intervenors participated in the mediation.[5] ALI agreed to pay Nitkowski his unpaid commissions as well as future commissions; however, ALI would not agree to pay these funds in a lump sum settlement.[6] A dispute then arose as to the fees to which intervenors were entitled. The Court ordered the settlement funds be deposited in the Court's registry, and intervenors filed their petition for intervention on June 7, 2006.

Defendants' motion for partial summary judgment argues that, considering the contingency fee agreement at issue in this case, only 40% of the funds in the Court's registry are actually in dispute; therefore, the Court should release 60% of the settlement funds and any future settlement proceeds to defendants. Intervenors contend that defendants' argument, which assumes that only 40% of the funds are disputed, ignores their other claims for damages, attorney's fees, expenses, and interest.[7]

Neither defendants nor intervenors cite to any relevant authority to support their respective positions. The Court agrees with defendants, however, that by demanding that a

---

[4]Rec. Doc. No. 42-2, p. 2.

[5]Rec. Doc. No. 42-1, p. 4.

[6]Rec. Doc. No. 36-2, p. 3.

[7]Rec. Doc. No. 42-1, p. 5. Intervenors also argue that their contingency fee agreement is reasonable and enforceable. The Court does not find these arguments relevant to the issue of whether 40% of the disputed funds may be released.

percentage of the undisputed funds remain in the Court's registry, intervenors are, in essence, requiring defendants to post security against intervenors' claims. The Court finds no reason to require security for these claims, and intervenors have not shown any good cause for such.

Accordingly,

**IT IS ORDERED** that the motion for partial summary judgment filed on behalf of defendants, Nicholas Matthew Nitkowski and Nicholas Taylor, Inc.,[8] is **GRANTED**. Defendants are entitled to 60% of the funds currently being held in the registry of the Court in the above-captioned case, as well as 60% of any interest that has accrued on the principal amount, less the Court's assessment fee. To obtain the funds currently being held, defendants shall file a motion for disbursement of registry funds that comports with all of the requirements of Local Rule 67.3.   **IT IS FURTHER ORDERED** that the order directing plaintiff, American Life Insurance Company ("ALI"), to deposit settlement funds into the Court's registry[9] is **AMENDED** to require ALI to pay 60% of any future settlement proceeds directly to defendants.

New Orleans, Louisiana, December   5th , 2006.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[8] Rec. Doc. No. 36.

[9] Rec. Doc. No. 27.